# Harrison, Harrison & Associates, Ltd.

65 BROADWAY, 7th Floor
NEW YORK, NY, 10006
DIRECT DIAL (888) 239-4410
FAX (718) 799-9171
nycotlaw@gmail.com

Address all mail to:
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701

January 4, 2015

VIA ECF

Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Lizanets et al v. Ocean Empire Management, LLC et al*
               *1:15-cv-04161-ILG-JO*

Dear Judge Orenstein:

      The parties in this case are pleased to advise the Court that the eight Plaintiffs in this case, Yevhen Lizanets, Vitalie Ladighin, Viktor Metenko, Jose Castro Tellez, Carlos Juarez-Hernandez, Petro Karabynosh, Andrii Popravka, and Jairo Juarez ("Plaintiffs"), recently entered into a settlement agreement ("Agreement"), with Defendants Ocean Empire Management LLC, Shyraz Management Co. LLC, Samuel Hertz, Joseph Hertz, and John Doe, Executor In The Matter of the Estate of Mira Hertz, Deceased, ("Defendants") .  The Parties hereby respectfully request that the Court approve the Agreement - attached hereto as Exhibit "A" - and the settlement of the Plaintiffs wage and hour claims as final, fair, reasonable, adequate, and binding on Plaintiffs and that the Court dismiss this litigation with prejudice and without fees or costs except as otherwise agreed by the parties.[1]

      The terms of the Agreement provide that in exchange for a general release from Plaintiffs[2], Defendant will pay Plaintiffs the "Settlement Amount", inclusive of attorney's fees and disbursements.

      The Agreement reflects a compromise between the Plaintiffs and the Defendants.  While Plaintiffs could have possibly received more money had they proceeded to and won at trial, Plaintiffs agree to the Settlement Amount, and believe it will be a fair and reasonable

---

[1] The parties respectfully request that the Court schedule a telephone conference/hearing (rather than an in person conference/hearing) for the Court to approve the specific terms of the settlement agreement.

[2] Mutual releases in favor of Plaintiffs are also provided for in the Agreement.

compromise, because, in addition to receiving their money much sooner, and not having to wait months or years, the Settlement Amount represents <u>more</u> than their estimated unpaid wages that they could have recovered had they won at trial.

In addition to the inherent risks of litigation, there were other risks involved in continuing to trial.  One risk with proceeding to trial was that Plaintiffs did not have accurate records listing the total hours that each of them worked.[3]  As a result, Plaintiffs' damages calculations relied on certain estimations.  Plaintiffs may therefore have had issues <u>proving</u> how much unpaid wages Defendants owe them.  Thus, even if Plaintiffs would win at trial, the amount of overtime and/or unpaid wages owed to them may be less than the Settlement Amount.

Another factor involved in Plaintiffs decision to settle this suit was because they wanted the Settlement Amount sooner, rather than have to wait many months or several years for payment.  They also wished to forego the uncertainties of litigation and the hassle and expense of proceeding through discovery and trail.  They also did not want to take time off from work for depositions, settlement conferences, and trial.

Thus Plaintiffs – and Defendants – believe that the Settlement Amount represents a fair and equitable compromise that allows them to proceed with their personal and work lives without the disruptions, inconveniences, and risks inherent in litigation.

In light of the above, Plaintiffs and Defendants respectfully request that this Court approve the parties' Agreement and that the Court dismiss this case with prejudice without attorneys' fees or costs except as provided for in the Agreement.  We thank the Court for its attention to this matter.

Respectfully submitted,
<u>/s/ DAVID HARRISON</u>
David Harrison

cc: All counsel of record (via ECF)

---

[3] In addition, while Defendants would presumably have several witnesses attesting to their version of the facts, including that Plaintiffs took longer lunch breaks and/or arrived late or left early.  Plaintiffs also anticipate difficulties in locating non-party witnesses who would be willing to testify against Defendants.

# EXHIBIT "A"

## SETTLEMENT AND GENERAL RELEASE AGREEMENT

This Settlement and General Release Agreement (the "Agreement") is entered into as of this 23rd th day of December, 2015, by and between YEVHEN LIZANETS, VITALIE LADIGHIN, VIKTOR METENKO, JOSE CASTRO TELLEZ, CARLOS JUAREZ-HERNANDEZ, PETRO KARABYNOSH, ANDRII POPRAVKA, and JAIRO JUAREZ ("Plaintiffs") and OCEAN EMPIRE MANAGEMENT LLC, SHYRAZ MANAGEMENT CO. LLC, SAMUEL HERTZ, JOSEPH HERTZ, and JOHN DOE, EXECUTOR IN THE MATTER OF THE ESTATE OF MIRA HERTZ, DECEASED ("Defendants").

## RECITALS

WHEREAS, each of the Plaintiffs is a plaintiff in the action captioned *Lizanets et al v. Ocean Empire Management, LLC et al*, 15 04161-ILG-JO, pending before the United States District Court for the Eastern District of New York (the "Litigation");

WHEREAS, in the Litigation, Plaintiffs have asserted claims under the Fair Labor Standards Act and the New York State Labor Law seeking unpaid overtime wages, liquidated damages, statutory damages, and attorneys' fees and costs (together with all other claims Plaintiffs have asserted or could assert relating to the payment of wages, the "Wage and Hour Claims");

WHEREAS, Defendants deny that they may be held liable for the Wage and Hour Claims or acted in an unlawful manner;

WHEREAS, without any person or entity admitting or conceding liability or damages in any manner whatsoever, Plaintiffs and Defendants (collectively, the "Parties") agree to settle the Wage and Hour Claims on the terms and conditions set forth in this Agreement to avoid the burden, expense and uncertainty of continuing the Litigation;

WHEREAS, the Parties agree that the amounts paid as agreed upon by the parties during the Court's November 30, 2015 settlement conference and presented for approval on the record on Plaintiff's motion includes attorneys' fees and neither Plaintiffs nor their attorneys can seek any additional amounts in excess of that set forth during the conference.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, the Parties hereto agree to a full and complete settlement of the Wage and Hour Claims on the following terms and conditions:

1. **DEFINITIONS**

   The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1   **Agreement**. "Agreement" means this Settlement and General Release Agreement.

1.2   **Plaintiffs' Counsel**. "Plaintiffs' Counsel" means Harrison, Harrison & Associates.

1.3   **Court**. "Court" means the United States District Court for the Eastern District of New York, the Honorable James Orenstein presiding.

1.4 **Days**. "Days" means calendar days.  If a deadline set forth herein falls on a weekend or national holiday, the deadline shall be the next weekday that is not a national holiday.

1.5 **Defendants**. "Defendants" means Ocean Empire Management, LLC, Shyraz Management Co. LLC, Samuel Hertz, Joseph Hertz, and John Doe, Executor in the Matter of the Estate of Mira Hertz, Deceased as that term is defined above.

1.6 **Defendants' Counsel**. "Defendants' Counsel" means Jasinski P.C.

1.7 **Effective Date**. "Effective Date" shall be the first business day after the conditions precedent in Section 2.2 all are satisfied.

1.8 **FLSA.**  "FLSA" means the Fair Labor Standards Act.

1.9 **Settlement Amount.** "Settlement Amount" means the monetary amount agreed upon by the parties during the November 30, 2015 settlement conference before the Honorable James Orenstein, U.S.M.J., and presented for approval on the record on Plaintiff's motion referenced in Paragraph 2.1 below.

## 2. COURT APPROVAL AND EFFECTIVENESS OF SETTLEMENT

2.1 **Motion for Court Approval of FLSA Settlement**.

(A) On or before December 15, 2015, Plaintiffs will file a motion for an order approving the settlement of Plaintiffs' Wage and Hour Claims (the "Approval Motion").

(B) In their Approval Motion, Plaintiffs shall request that the Court approve the settlement of the Wage and Hour Claims as final, fair, reasonable, adequate, and binding on all Plaintiffs, and shall dismiss the Litigation with prejudice and without attorneys' fees or costs to any party except as provided in this Agreement.

(C) The Parties hereto acknowledge that Plaintiffs contend that they worked fifty hours a week.  The Parties agree that they differ widely as to the number of hours they each contend Plaintiffs worked.  Plaintiffs understand that Defendants contend the compensation they received from Defendants prior to the execution of this Agreement had been intended by Defendants to cover all hours worked whether Plaintiffs hours fluctuated more or less than 40 hours a week.  Based on the aforementioned, settlement of the Litigation will enable the Parties to avoid the burden and expenses of establishing their respective claims and defenses.  The Parties agree the settlement is a product of arm's length bargaining between experienced counsel.

(D) Based on the foregoing, the parties joined by their respective Counsel, specifically request that the Court approve the terms of this Agreement.

(E) If the Court denies the Approval Motion either in part or in its entirety, then the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of a renegotiated settlement, if any.  Should such efforts be unsuccessful and/or

denied, the Litigation will proceed as if no settlement had been attempted, and the Parties will retain all of their respective rights in those proceedings.

(F)     The Parties will work together, diligently and in good faith, to obtain expeditiously a final Order approving the settlement and dismissing this Litigation with prejudice.

**2.2    Effectiveness.**  This Agreement shall be effective only when (a) this Agreement is executed by all Parties; (b) the revocation period described in Section 5.2 below has expired and Plaintiffs have not revoked their acceptance of this Agreement; and (c) an Order has been issued; provided, however, that the provisions of Sections 2 of this Agreement shall become effective immediately upon execution of this Agreement by Defendants and all Plaintiffs.

**3.      SETTLEMENT TERMS**

**3.1    Settlement Amount Payable to Plaintiffs**.

(A)     Defendants agree to pay the Settlement Amount, which shall fully resolve and satisfy any and all amounts to be paid to Plaintiffs and any and all claims for attorneys' fees and costs in respect of the Wage and Hour Claims.  Each Plaintiff shall receive an equal share of the total Settlement Amount. Defendants shall pay each Plaintiff his proportional share of the Settlement Amount in equal monthly installments. Payment shall begin in the first month following receipt of the completed IRS Forms W-4 and W-9 as referenced in Paragraph 3.3(A) below, and shall be made on the first pay date of each month.

**3.2    Settlement Amounts Payable as Attorneys' Fees and Costs**.  Defendants agree to pay to Plaintiffs' Counsel his share of the Settlement Amount as agreed upon during the November 30, 2015 settlement conference and presented for approval on the record on Plaintiff's Approval Motion, which represents reimbursement of attorneys' fees and costs incurred by Plaintiffs in connection with the Wage and Hour Claims.  Such amount will be payable in a check or checks made payable to "Harrison, Harrison & Associates", delivered via overnight mail to Plaintiffs' Counsel's Red Bank, NJ mailing address, no later than 30 days of the Effective Date.

**3.3    Tax Characterization**.

(A)     For tax purposes, 50% (fifty percent) of payments to Plaintiffs pursuant to Section 3.1 shall be treated as back wages and consideration for the releases contained in this Agreement and 50% (fifty percent) of such payments shall be treated as interest and/or liquidated damages.  Each Plaintiff shall provide to Defendants on or before the Effective Date completed and executed IRS Forms W-4 and W-9.  Plaintiffs' counsel shall provide to Defendants on or before the Effective Date a completed and executed IRS Form W-9.  No payment shall be issued under this Agreement until executed IRS Forms W-4 and W-9 are tendered.

(B)     Payments treated as back wages and consideration pursuant to Section 3.3(A) shall be made net of all applicable employment taxes, including, without limitation,

federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number on an IRS Form W-2.  Payments treated as interest and/or liquidated damages pursuant to Section 3.3(A) shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security number on an IRS Form 1099.  Payments of attorneys' fees and costs pursuant to Section 3.2 shall be made to Plaintiffs' Counsel without withholding and reported on an IRS Form 1099 under the payee's name and taxpayer identification.

(C)     Defendants shall be responsible for any and all applicable employer tax contributions associated with wage payments, including but not limited to the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages pursuant to Section 3.3(A).  Any such payroll taxes ordinarily borne by the employer and not deducted from an employee's wages shall be paid by Defendants in addition to the Settlement Amount, and shall not be paid out of the Settlement Amount.  Defendants shall not be responsible for (i) any payroll taxes imposed on employees, rather than employers, (ii) any taxes imposed on the portion of the payments to Plaintiffs treated as payment of interest and/or liquidated damages reported on Forms 1099, or (iii) any taxes imposed with respect to the payment of attorneys' fees to Plaintiffs' Counsel under this Agreement.

(D)     Plaintiffs acknowledge and agree that, except as specified in Section 3.3(C), each will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement.

(E)     The employee portion of all applicable income and payroll taxes will be the responsibility of the individual Plaintiff receiving a settlement check.

## 4.     GENERAL RELEASE

### 4.1     Release of Claims.

(A)     By executing this Agreement, except as to such rights or claims as may be created by this Agreement, each Plaintiff, for himself and for his heirs, administrators, representatives, executors, successors and assigns, forever and fully releases Defendants and each of their respective parents, affiliates, subsidiaries, officers, directors, shareholders, agents, and/or employees, in their capacity as such (collectively, the "Releasees"), from any and all manner of claims, demands, causes of action, obligations, damages, or liabilities whatsoever of every kind and nature, at law or in equity, known or unknown, and whether or not discoverable, which such Plaintiff has or may have for any period prior to the date he executes this Agreement, including without limitation the Wage and Hour Claims and any other claims that were or could have been asserted in the Litigation as well as any claim for breach of contract, wrongful discharge, compensation of any kind, unpaid wages, severance pay, bonuses, deferred compensation, incentive plans, medical,

dental, life or disability insurance coverage, or any other fringe benefit, any claim of emotional distress, defamation, fraud, misrepresentation, discrimination, retaliation, harassment; any claim arising under the New York Labor Law; any claim arising under the Title VII of the Civil Rights Act of 1964, Sections 1981 through 1988 of Title 42, the Americans With Disabilities Act of 1990, the Age Discrimination in Employment Act of 1967, the Employee Retirement Income Security Act of 1964, the Civil Rights Act of 1866, the Equal Pay Act, the Olders Workers Benefits Protection Act, and the Family and Medical Leave Act, each as amended from time to time, and all other federal, state and local laws, including without limitation claims arising under the New York State and New York City Human Rights Laws and New York Whistleblower Statute, each as amended from time to time, and any claim for attorneys' fees or costs incurred in pursuing these or any other legal claims against any of the Releasees.

(B)     Defendants reciprocally release Plaintiffs from any and all liabilities, debts, claims, and causes of action whatsoever, from the beginning of the world through the date of the execution of this Agreement.

**4.2     Non-Admission of Liability**.  The Parties acknowledge that Defendants have agreed to this Agreement and the terms of settlement herein without in any way acknowledging any fault or liability on its part or by any of the Releasees, and with the understanding that the terms have been reached because this settlement will (i) avoid the further expense of litigation, and (ii) put the claims in the Litigation finally to rest.  Nothing in this Agreement shall be deemed or used as an admission by any Releasee of liability, wrongdoing, or damages.

**4.3     Representations and Warranties of Plaintiffs.**  By signing this Agreement, each Plaintiff acknowledges and agrees that:

(A)     He has been afforded a reasonable and sufficient period of time for review, for deliberation thereon and for negotiation of the terms of this Agreement, and he has been specifically advised to consult with legal counsel or a representative of his choice, has had the opportunity to do so and has, in fact, done so by consulting with Plaintiffs' Counsel;

(B)     He has read and understands the terms of this Agreement, or if he cannot read English, this Agreement has been translated for him, and that the terms of this Agreement have been fully explained to him;

(C)     He acknowledges and agrees that the settlement is to terminate all controversy in or claims for damages or relief of whatever nature, known or unknown, through the Effective Date, in any way growing out of or connected with his employment with Defendants, wages, and any monies received or not received by him, the Agreement is made in full and complete resolution of any dispute he may have relating to or regarding his employment or monies received or not received by him.  He acknowledges that there is no longer a case or controversy regarding his employment, wages, and any monies received, and/or monies not received.

Plaintiff further acknowledges and agrees that by inclusion of language that the settlement is to terminate all controversy in or claims for damages or relief of whatever nature, known or unknown, in any way growing out of or connected with any wages paid or not paid, Plaintiff has agreed that he has received compensation for all work performed.

(D)  He has signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder;

(E)  The only consideration for signing this Agreement is the terms stated herein and no other promise, agreement or representation of any kind has been made to any of the Plaintiffs by any person or entity whatsoever to cause him to sign this Agreement; and

(F)  He has not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim in the Litigation, and has full authority to enter into this Agreement and the release contained in Section 4.1 above.

(G)  Upon payment of the amounts due pursuant to Section 3 above, he will have received all compensation due for all hours worked in connection with his employment with Defendants.

## 5.  NO CLAIMS FILED

**5.1**  Plaintiffs represent to Defendants, as a material inducement to enter into this Agreement, that, other than the Litigation, there are no pending matters, claims, charges, proceedings, complaints or actions against or with respect to Defendants, filed or submitted by Plaintiffs or with their knowledge, or on their behalf, with any federal, state or local court, department or administrative or other agency.  Plaintiffs understand, however, that while this Agreement does not affect their right to file a charge or participate in an investigation or proceeding conducted by any government agency, it does bar any claim that they might have to receive monetary damages in connection with any government agency proceeding.

**5.2**  If any federal, state or local court, department, administrative or other agency assumes jurisdiction over any such matters, claims, charges, complaints or actions, Plaintiffs shall, if requested by counsel for Defendants, immediately cooperate (within the bounds of the law) in such counsel's efforts to take all actions necessary to cause said entity to terminate such proceeding without liability to Defendants.  Plaintiffs further represent and agree that this Agreement shall constitute a full and irrevocable bar to any such action or proceeding and that this Agreement may be presented to any such court or agency for the purpose of obtaining an immediate dismissal with prejudice of same.  Moreover, should any proceeding be instituted by or on behalf of Plaintiffs with respect to matters here settled, released or waived, then this Agreement shall be deemed full satisfaction of any such claim(s) and sufficient basis for their immediate dismissal.

## 6.  DISMISSAL OF LITIGATION

**6.1**     Within five (5) days after the payment of the Settlement Amount and receipt by Plaintiff of the agreement executed by all parties, the Parties, by their counsel, shall file an executed Notice of Dismissal with Prejudice (the "Dismissal Notice") dismissing the Litigation with prejudice.  In the event that additional documentation is needed to terminate the Litigation, Plaintiffs shall execute or direct his counsel to execute and submit all documents required by Defendants to terminate such proceedings.

## 7.     TIME FOR CONSIDERATION; REVOCATION

**7.1**     Each Plaintiff shall have twenty-one (21) days to consider this Agreement and return it to Plaintiffs' Counsel for transmission to Defendants' Counsel.

**7.2**     Each Plaintiff shall have seven (7) days to revoke this Agreement after he signs it.  Any such revocation of this Agreement and Release must be in writing and transmitted such that it is received by Defendants' Counsel <u>before</u> the expiration of the seven day revocation period, at the following address:

> David F. Jasinski
> JASINSKI, P.C.
> 60 Park Place, 8th Floor
> Newark, New Jersey 07102

**7.3**     If Plaintiffs fail to execute this Agreement or if Plaintiffs revoke their acceptance of this Agreement, this Agreement and the Wage and Hour Settlement Agreement shall be null, void, and of no further force or effect.

## 8.     INTERPRETATION AND ENFORCEMENT

**8.1**     **Cooperation Between the Parties; Further Acts.**  The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms.  Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**8.2**     **No Assignment.**  Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation.

**8.3**     **Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

**8.4**     **Binding Effect.**  This Agreement shall be binding upon the Parties and, with respect to the Plaintiffs, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys, successors, and assigns.

KL3 3053466.3

**8.5** **Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

**8.6** **Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**8.7** **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be construed against any party by virtue of draftsmanship.

**8.8** **Recitals**. The recitals are hereby incorporated in this Agreement.

**8.9** **Blue Penciling.** If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect. If, in a legal forum of competent jurisdiction, any of the provisions, terms, clauses, or rights contained in this Agreement are declared illegal, unenforceable, or ineffective, or are declared to affect the validity of a waiver or release, then such provisions, terms, clauses, or rights shall be deemed severable such that all other provisions, terms, clauses, waivers and releases of claims and rights contained in this Agreement shall remain valid and binding upon the Parties and to achieve Plaintiffs intention to waive, to the maximum extent permitted by law, any and all claims against Defendants, including but not limited to , a release of any age claims.

**8.10** **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**8.11** **Choice of Forum.** The Parties Agree that any disputes arising out of or related to this Agreement shall be filed in a federal court sitting in the State of New York, County of Kings, and the Parties consent to the jurisdiction of such courts for purposes of any such action.

**8.12** **Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless made in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the

KL3 3053466.3

right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

8.13    **Counterparts.**  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

8.14    **Facsimile and Email Signatures.**  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

**[Signatures Begin on Next Page]**

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.

_____
YEVHEN LIZANETS

_____
VITALIE LADIGHIN

_____
VIKTOR METENKO

_____
JOSE CASTRO TELLEZ

_____
CARLOS JUAREZ HERNANDEZ

_____
PETRO KARABYNOSH

_____
ANDRII POPRAVKA

_____
JAIRO JUAREZ


OCEAN EMPIRE MANAGEMENT LLC

By:_____

SHYRAZ MANAGEMENT LLC

By:_____


_____
SAMUEL HERTZ

_____
JOSEPH HERTZ

- 10 -

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.

_____

YEVHEN LIZANETS

_____

VITALIE LADIGHIN

_____ Metenko _____

VIKTOR METENKO

_____

JOSE CASTRO TELLEZ

_____

CARLOS JUAREZ-HERNANDEZ

_____

PETRO KARABYNOSH

_____

ANDRII POPRAVKA

_____

JAIRO JUAREZ


OCEAN EMPIRE MANAGEMENT LLC

By:_____

SHYRAZ MANAGEMENT LLC

By:_____


_____

SAMUEL HERTZ

_____

JOSEPH HERTZ

KL3 3053466.3